UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. PATTERSON, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-2548 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff originally filed this action in the United States District Court for the Northern District of New York. On November 6, 2023, the District Court for the Northern District of New York transferred this action to the United States District Court for the Eastern District of California.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Attached to plaintiff's complaint is a pleading titled "Request to Transfer Cases to Another District." (ECF No. 1 at 5-9.) As discussed above, on November 6, 2023, the District Court for the Northern District of New York transferred this action to the District Court for the Eastern District of California. Accordingly, the undersigned need not consider plaintiff's request to transfer.

It appears that the documents attached to plaintiff's complaint following plaintiff's request to transfer are exhibits. (Id. at 10-37.) The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Accordingly, in screening plaintiff's complaint, the undersigned considers only the allegations contained in the complaint itself. (Id. at 1-4.)

Named as defendants are California Department of Corrections and Rehabilitation ("CDCR") Director Spearman and Mule Creek State Prison ("MCSP") Superintendent Covello. (Id. at 2.) Plaintiff also appears to name as defendants all defendants named in case nos. 2:22-cv-0488 TLN KJN P, and 2:22-cv-2396 JAM DMC P. (Id.)

Plaintiff is informed that Local Rule 220 requires complaints to be complete without reference to another pleading or action. For this reason, plaintiff must identify each named defendant. In other words, plaintiff may not refer to other actions to identify the defendants in the instant action. Accordingly, the court will not consider plaintiff's claims against the defendants named in cases 2:22-cv-0488 and 2:22-cv-2396. If plaintiff files an amended complaint, he shall identify each defendant by name without reference to other pleadings or actions.

////

In the discussion of his claims, plaintiff refers to the facts alleged in cases 2:22-cv-0488 and 2:22-cv-2396 and, possibly, 1:17-cv-1691 ADA EPG and 1:22-cv-00964 ADA SAB. (Id.) Pursuant to Local Rule 220, plaintiff's complaint must include all allegations without reference to other pleadings or actions. For this reason, the court will not consider plaintiff's allegations made in 22-cv-0488, 22-cv-2396, 17-cv-1691 and 22-cv-964.

Plaintiff alleges that on August 22, 2023, he attempted to use the paging system/E-file to file an appeal in case 21-cv-2396. (Id. at 3.) Plaintiff alleges that he was in administrative segregation ("ad seg") when he attempted to file this appeal and that Correctional Officer Williams assisted him. (Id.) Plaintiff alleges that his appeal contained declarations from four inmate witnesses regarding plaintiff's teeth being disfigured. (Id.) Plaintiff alleges that he asked Officer Williams about the packet. (Id.) Defendant Williams told plaintiff, "Hey, cameras could be viewed…I did my part…maybe 1st watch…I don't know." (Id.) Plaintiff alleges that Librarian Guzman stated that neither she nor her supervisor received anything. (Id.)

The undersigned construes plaintiff's claim regarding his appeal in case 21-cv-2396 to allege a claim for violation of the right to access the courts. Plaintiff appears to allege that his ability to file an appeal in case 2:21-cv-2396 was thwarted by the confiscation of a packet containing inmate declarations.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348.

The docket in case 21-cv-2396 indicates that the district court dismissed this action for lack of prosecution on April 11, 2023.[1] (2:21-cv-2396, ECF Nos. 22, 23.) The next entry in the docket for case 21-cv-2396 is plaintiff's motion to transfer filed September 11, 2023. (2:21-cv-

---

[1] The undersigned takes judicial notice of the docket in 2:21-cv-2396. Fed. R. Civ. P. 201.

2396, ECF No. 24.)  The next entries in the docket for case 21-cv-2396 are plaintiff's motion for appointment of counsel and notice of appeal of the April 11, 2023 order dismissing the action, both filed October 18, 2023.  (2:21-cv-2396, ECF Nos. 25, 26.)  On December 18, 2023, the Ninth Circuit Court of Appeals dismissed plaintiff's appeal because the notice of appeal, dated August 22, 2023, and filed on October 18, 2023, was not filed or delivered to prison officials within 30 days after the district court's judgment entered on April 11, 2023.  (2:21-cv-2396, ECF No. 30.)

Assuming prison officials wrongly confiscated plaintiff's packet of inmate declarations on August 22, 2023, the Ninth Circuit denied plaintiff's appeal in case 21-cv-2396 as untimely.  Therefore, the alleged confiscation of the packet of inmate declarations had no impact on the Ninth Circuit's consideration of plaintiff's appeal.  In other words, even if plaintiff submitted the declarations with his appeal, his appeal would still be untimely.  Therefore, the alleged confiscation of the packet of inmate declarations regarding plaintiff's disfigured teeth was not an actual injury because it did not prejudice plaintiff's appeal.  Accordingly, plaintiff does not state a potentially colorable claim for violation of his right to access the courts.

Plaintiff also alleges that defendants Spearman and Covello and other prison officials have been giving plaintiff poisoned food since June.  (ECF No. 1 at 4.)

The complaint's "poisoning allegations do not state a plausible claim for relief and should be dismissed."  Ferguson v. Turner, 2018 WL 3640323, at *7 (E.D. Cal. July 30, 2018).  "Common sense and judicial experience lead[ ] the Court to conclude that these claims are facially implausible."  Lamon v. Tilton, 2009 WL 1884361, at *3 (E.D. Cal. June 30, 2009) (rejecting as facially implausible the plaintiff's claim that prison officials were engaged in an elaborate and seemingly coordinated conspiracy to retaliate against the plaintiff through, among other things, poisoning him); see Hill v. Harris, 2014 WL 1689659, at *2 (E.D. Cal. Apr. 29, 2014) (dismissing the plaintiff's complaint alleging that CDCR and its employees were poisoning him with poisoned apples and spoiled food as frivolous); Williams v. Lopez, 2016 WL 921550, at *2 (E.D. Cal. Mar. 11, 2016) ("[The] court has informed plaintiff, on numerous prior occasions, that her allegations about being poisoned are not plausible.").

5

Plaintiff also appears to raise a medical malpractice claim against several prison officials. (ECF No. 1 at 4.) Defendants Spearman and Covello are not named in plaintiff's medical malpractice claim. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's medical malpractice claim is dismissed because defendants Spearman and Covello are not named in this claim. In addition, plaintiff's complaint contains no facts in

6

support of the medical malpractice claim.  If plaintiff files an amended complaint, he shall identify the defendants linked to this claim and describe the defendants' conduct on which he bases a medical malpractice claim.

To prevail on a medical malpractice claim under California law, the plaintiff must establish: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Tortorella v. Castro, 140 Cal. App. 4th 1, 3 n.2 (2006) (emphasis and citation omitted).  Plaintiff shall address this legal standard if he files an amended complaint raising a medical malpractice claim.

Plaintiff also may be alleging that he was retaliated against for his legal activities.  (ECF No. 1 at 4.)  Plaintiff names defendant Spearman in connection with this claim.  However, plaintiff alleges no facts in support of his retaliation claim.  For this reason, plaintiff's retaliation claim against defendant Spearman is dismissed.  Ivey v. Board of Regents, 673 F2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).  If plaintiff files an amended complaint raising a retaliation claim, he shall address this legal standard for a retaliation claim.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 8, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sier2548.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>        Plaintiff,<br><br>   v.<br><br>T. PATTERSON, et al.,<br><br>        Defendants. | No. 2:23-cv-2548 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____   Amended Complaint

_____
Plaintiff